## Joshua B. Wright v. John Wright.

*Bond for support—Breach of condition—Damages.*

Breach of the condition of a bond given by a son to support his parents during their natural lives entitles the parents to foreclose the mortgage securing the bond, but does not necessarily entitle them to the full penalty of the bond as damages, especially if the condition has been satisfactorily carried out for some years, and no evidence is given of the actual injury resulting from the breach.

Appeal from Huron. Submitted January 5. Decided January 10.

Bill of foreclosure. Complainant appeals. Reversed.

*Engle & Engle* for complainant. A bond conditioned to furnish to the obligee and his wife all necessary meat, drink, lodging, washing, clothes, etc., during both and each of their natural lives, was an entire contract, and a failure by the obligor to provide for the obligee and his wife, according to the substance and spirit of the covenant, amounted to a total breach; and the full and final damages should be recovered for the future as well as the past: *Hambleton v. Veere* 2 Saund. 169, note; *Masterton v. Mayor of Brooklyn* 7 Hill 62; *Shaffer v. Lee* 8 Barb. 412; any failure to support or kindly treat would be a breach that would justify the foreclosure: *Hawkins v. Clermont* 15 Mich. 513.

*Winsor & Snover* and *H. B. Carpenter* for defendant. If a mortgagor gives bond in a fixed sum conditioned for the support of the mortgagee, the sum named will be regarded as a penalty, and the mortgage cannot be treated as one to secure the payment of the specific amount unless it is stipulated that it be liquidated damages for any default: Jones' Mortgages § 393, n. 5; *Bresnahan v. Bresnahan* 46 Wis. 385.

MARSTON, J. The complainant commenced proceedings in this case to foreclose a mortgage given to secure performance of the conditions of a bond in the penal sum of fifteen hundred dollars, given by defendant John to complainant in 1876. The condition of the bond was that the defendant should "well and truly keep, clothe, and support in a good, respectful manner, and see that they are kindly treated during their natural lives, his father, Joshua B. Wright, and his mother, Leah Wright."

The complainant has proceeded upon the theory that a breach of this condition would entitle him to " the full and final damages for the future as well as the past." And no evidence has been given as to the amount of damage, the complainant's theory, we suppose, being that he was entitled to the full penalty of the bond. This position is not correct. Upon a breach of the condition complainant had an undoubted right to commence proceedings under his mortgage, and after showing the breach, evidence should have been given tending to show the damage sustained in consequence thereof. It surely would not follow that after an agreement of this kind had been carried out for a number of years, that upon a breach occurring thereafter, the complainant would thereby be entitled to recover the full penalty of the bond without any evidence fixing the extent of the injury.

The court below dismissed the bill without prejudice and without costs to either party.

As the complainant and his wife are old and infirm, and it would be a great hardship to require them, in case they

are not properly cared for by defendant, to commence new proceedings and take all this testimony again for the purpose of showing a breach, we think it better that the present bill be retained, and that complainant have a reasonable time allowed him to amend his bill, should this be deemed necessary, and take farther testimony showing the damages sustained, and the amount necessary per week, or otherwise, for the support of himself and wife, so that complete justice may be done on a rehearing. The cause will be remanded to the court below for this purpose, costs to abide the result.

The other Justices concurred.